IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRANDI BOROUGERDI,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | Civil Action No. 4:19-CV-403-O |

**DEFENDANT UNITED STATES OF AMERICA'S
ORIGINAL ANSWER**

Defendant United States of America (United States) files this answer and defenses to Plaintiff Brandi Borougerdi's Original Complaint (Dkt 1), and would respectfully show the Court as follows:

I. **Parties & Service of Citation**

1.00   The United States lacks sufficient information to admit or deny Plaintiff's allegations regarding his legal status or residency, and thus, the allegations are denied.

1.01   Paragraph 1.01 states a legal conclusion regarding service of process to which no response is required.  The United States admits that a copy of the summons and complaint was received by the United States Attorney's Office, 1100 Commerce Street, Third Floor, Dallas, Texas 75242 on June 6, 2019.  Any other allegations of fact are denied.

## II. Jurisdiction & Venue

2.00   The United States admits that the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. and 28 U.S.C. § 1346(b) for money damages, is the exclusive remedy for tort claims against the United States.

2.01   Paragraph 2.01 states a legal conclusion regarding venue to which no response is required, with an averment that, the United States does not challenge venue in this action based upon the information presently known.  The United States admits that the alleged event occurred in Tarrant County, Texas.

## III. Conditions Precedent

3.0   The United States admits the United States Postal Service (USPS) received a tort claim from Plaintiff on July 2, 2018, and the USPS issued a final denial on March 28, 2019.  The remainder of Paragraph 3.0 states a legal conclusion regarding conditions precedent to which no response is required.

## IV. The United States Postal Service is an Agency of the United States of America

4.0   The United States admits that the USPS is an agency of the United States. Defendant lacks sufficient knowledge to admit or deny the remaining allegations of fact.

## V. Employment, Course and Scope & Respondeat Superior

5.0   The United States admits that the driver of the vehicle at issue in this dispute is an employee of the USPS and was acting in the course and scope of her employment at the time of a minor vehicle accident.

5.01    Paragraph 5.01 states a legal conclusion regarding Plaintiff's theory of respondeat superior to which no response is required.  Any allegations of fact are denied.

## VI.    Factual Background

6.0    The United States admits that an employee of the USPS was involved in a minor vehicle accident on July 5, 2016 but denies the remaining allegations of fact.  The remaining allegations in paragraph 6.0 state one or more legal conclusions to which no response is required.

6.01    The United States admits Darla Park, a USPS employee, was involved in a minor vehicle accident on July 5, 2016.  The United States lacks sufficient information to admit or deny any other allegations of fact not previously admitted.

## VII.    Agency & Respondent [*sic*] Superior

7.0    The United States admits that Darla Park, a USPS employee, was acting in the course and scope of her employment at the time of a minor vehicle accident on July 5, 2016.

7.01    The United States admits that Darla Park, a USPS employee, was acting in the course and scope of her employment at the time of a minor vehicle accident on July 5, 2016.

7.02    Paragraph 7.02 states a legal conclusion regarding Plaintiff's theory of respondeat superior to which no response is required. Any allegations of fact are denied.

### VIII.   Cause of Action Against the United States of America

8.0   Paragraph 8.0 states one or more legal conclusions regarding alleged negligence to which no response is required.  Any allegations of fact are denied.

8.01   Paragraph 8.01 states one or more legal conclusions regarding alleged negligence to which no response is required.  Any allegations of fact are denied.

8.02   Paragraph 8.02 states one or more legal conclusions regarding alleged negligence to which no response is required.  Any allegations of fact are denied.

### IX.   Damages

9.0   The United States denies Plaintiff is entitled to the relief sought in paragraph 9.0.

### X.   Demand for Jury Trial

10.0   The United States denies that Plaintiff is entitled to a jury trial pursuant to 28 U.S.C. § 2402.

### **PRAYER FOR RELIEF**

The next section of Plaintiff's claim contains a prayer for relief, to which no response is required.  The United States denies that Plaintiff is entitled to recovery any sum in excess of the amount claimed in her administrative claim or prejudgment interest pursuant to 28 U.S.C. §§ 2674-75.

## XI. GENERAL DENIAL

Any allegation or averment contained in Plaintiff's Original Complaint that has not been specifically and expressly admitted or explained by the United States herein is denied.

## XII. DEFENSES

As separate and complete defenses hereto, and without waiving any of the above, the United States offers the following:

**Defense 1.**

The United States preserves any and all defenses, not currently known, which it has or through discovery it learns may be applicable.

**Defense 2.**

Plaintiff fails to state a claim upon which relief can be granted.

**Defense 3.**

Plaintiff failed to exhaust administrative remedies, which is a prerequisite to suit, including any claims that did not provide the agency with facts sufficient to allow the claim to be investigated. 28 U.S.C. § 2675; *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011); *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980).

**Defense 4.**

The United States is immune from suit, except to the extent the United States waived immunity for tort claims under the Federal Tort Claims Act, which is Plaintiff's exclusive remedy for the tort claims against it. *See In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251-52 (5th Cir. 2006).

**Defense 5.**

The United States has not waived sovereign immunity under the FTCA for any acts or omissions of its independent contractors.

**Defense 6.**

The United States asserts it has not waived sovereign immunity under the FTCA for any intentional torts.

**Defense 7.**

The United States, through its employees and agents, acted with due care and diligence at all relevant times and violated no legal duty owed to Plaintiff.

**Defense 8.**

The liability of the United States, Plaintiff's cause(s) of action, or Plaintiff's recovery, if any, is limited by federal or state common or statutory law to the extent it is not inconsistent with the FTCA.

**Defense 9.**

Plaintiff's claims are barred by contributory negligence by failing to exercise ordinary care for her own safety and avail herself of the last clear chance to avoid the alleged injuries. Plaintiff's Original Complaint sets forth injuries that resulted from a danger whose existence and character was fully appreciated by Plaintiff before Plaintiff voluntarily exposed herself to it.

**Defense 10.**

Plaintiff's claims are barred by the contributory negligence of third parties.

**Defense 11.**

To the extent that Plaintiff's damages are related to, or consist of, preexisting or subsequent injuries not caused by any of the United States' alleged acts or omissions, any recovery of damages should be denied.

**Defense 12.**

In the event the United States is found to have been negligent, which negligence is denied, Plaintiff's negligence or the negligence of third parties was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced. *See e.g.*, 28 U.S.C. §§ 2674, 2678; 31 U.S.C. § 1304; TEX. CIV. PRAC. & REM. CODE § 33.001 *et seq*.

**Defense 13.**

The United States is not liable for Plaintiff's alleged injuries to the extent that Plaintiff's or another actor's or actors' negligence was an intervening or superseding cause of the alleged injuries.

**Defense 14.**

The United States is not liable for the negligent acts or omissions, or contributory negligence of third parties, if any.

**Defense 15.**

The United States is not liable for Plaintiff's alleged injuries to the extent that Plaintiff failed to mitigate same prior to the incident that forms the basis of this lawsuit, including but not limited to Plaintiff's violations of legal standards and/or negligent acts or omissions.

**Defense 16.**

The United States is not liable for damages to the extent that Plaintiff failed to mitigate her damages.

**Defense 17.**

The United States is entitled to the benefits of any common or statutory law of Texas that serves to cap or limit damages or liability, including a limit on Plaintiff's non-economic relief to an amount not to exceed $250,000 under TEX. CIV. PRAC. & REM. CODE § 74.301.

**Defense 18.**

Pursuant to TEX. CIV. PRAC. & REM. CODE §§ 74.502 and 74.503, Plaintiff's recovery may be subject to a request for periodic payments for (a) any medical, health care or custodial services awarded or (b) any future damages other than medical, health care or custodial services awarded.

**Defense 19.**

Plaintiff's recovery for medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant. TEX. CIV. PRAC. & REM. CODE § 40.0105.

**Defense 20.**

The United States asserts its entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff.

**Defense 21.**

Pursuant to Texas state law, the United States is entitled to set-off, contribution, credit, etc. for any amounts paid by any settling defendant or non-party who could have been named as a defendant in this cause of action.

**Defense 22.**

Plaintiff may not recover in excess of the amount claimed in the administrative claim pursuant to 28 U.S.C. § 2675(b).

**Defense 23.**

To the extent Plaintiff requests equitable relief, not monetary damages, such relief is not cognizable under the FTCA.  28 U.S.C. § 1346(b)(1).

**Defense 24.**

Plaintiff is not entitled to pre-judgment interest or punitive damages against the United States pursuant to 28 U.S.C. § 2674.

**Defense 25.**

Plaintiff is not entitled to an award of costs, except as provided by 28 U.S.C. § 2412.

**Defense 26.**

Attorneys' fees are only recoverable as part of the judgment and not in addition thereto, and may not exceed the percentages specified in 28 U.S.C. § 2678.

**Defense 27.**

Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury.

### XIII. PRAYER FOR RELIEF

Having fully answered Plaintiff's complaint, the United States respectfully requests that judgment be granted in its favor, dismissing Plaintiff's Original Complaint with prejudice, with Plaintiff to bear the costs of defending this litigation, and for such other relief to which the United States is justly entitled.

Dated: August 6, 2019

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

s/ *Marti Cherry*
Mary M. (Marti) Cherry
Assistant United States Attorney
Texas Bar No. 24055299
1100 Commerce Street
Third Floor
Dallas, Texas  75242
Telephone:   214-659-8600
Facsimile:   214-659-8807
E-mail:  mary.cherry@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August 2019 a true and correct copy of the foregoing was electronically filed and served on the parties via the Court's CM/ECF system.

/s/  *Mary M. (Marti) Cherry*
Mary M. (Marti) Cherry
Assistant United States Attorney